**Kate D. Flanagan, OSB No. 213716**
kate@bennetthartman.com
Direct: 503.546.9606
**Hyesun Choi, OSB No. 262145**
hyesun@bennetthartman.com
Direct: 503.546.9622
BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204
Of Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| GRAM CHAPMAN and JUSTIN RABERN,<br><br>Plaintiffs,<br><br>v.<br><br>ROSEBURG FOREST PRODUCTS CO., an Oregon corporation,<br><br>Defendant. | Case No.: _______________<br><br>CLASS ACTION ALLEGATION COMPLAINT<br><br>FLSA Collective Action for failure to pay minimum wage (29 U.S.C. § 206) and overtime wages (29 U.S.C. § 207); Class Action for failure to pay wages at regular paydays (ORS 652.120), overtime wages (ORS 653.261), and wages at termination (ORS 652.140), and equitable claim for accounting of wages<br><br>DEMAND FOR JURY TRIAL |

SUMMARY STATEMENT

1. Plaintiffs, on behalf of themselves and all similarly situated current and former employees of Roseburg Forest Products, Co., bring this action to remedy



BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204
office: 503.227.4600 | fax: 503.248.6800

longstanding and willful violations of state and federal wage laws.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because claims alleged herein arise under federal law.

3. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over state law claims alleged herein.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district.

## PARTIES

5. Plaintiff Gram Chapman ("Chapman") is a resident of the State of Oregon. Since mid-2021, Defendant has employed Chapman in the State of Oregon as a machine operator, a non-exempt, hourly paid employee, engaged in the production of goods for interstate commerce.

6. Plaintiff Justin Rabern ("Rabern") is a resident of the State of Oregon. For approximately three years, Defendant employed Rabern in the State of Oregon as a millwright, a non-exempt, hourly paid employee, engaged in the production of goods for interstate commerce. Defendant terminated Rabern's employment on or around January 8, 2026.

7. Defendant Roseburg Forest Products, Co. ("Defendant") is a timber and wood products company, incorporated under the laws of the State of Oregon. At all



BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204
office: 503.227.4600 | fax: 503.248.6800

material times herein, Defendant maintained its principal place of business in Springfield, Oregon.

FACTS COMMON TO ALL CLAIMS

8. At all material times herein, Defendant employed between approximately 3,000 and 4,000 non-exempt hourly paid employees in Oregon and several other states.

9. For several years, until mid-April 2026, Defendant engaged in a practice of “rounding” employee work hours by using its timekeeping software, that tracked employees’ clock-in and clock-out times, to round time employees’ time worked to the nearest quarter-hour increment for the purpose of calculating employee wages.

10. Concurrent with its time rounding practice, Defendant maintained policies that required employees to arrive early to work but not so early that that their work time would be rounded up. Defendant’s practice of rounding time, in combination with its attendance policies, resulted in a widespread and systematic underpayment of earned wages, including overtime compensation.

11. Defendant’s employees, including Chapman and Rabern (collectively “Plaintiffs”), regularly worked more than 40 hours in any given work week

12. Throughout his employment with Defendant, Chapman’s work schedule alternated between three and four twelve-hour shifts per week. As a result of the combination of Defendant’s rounding practices and attendance policies, Chapman was

///



BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204
office: 503.227.4600 | fax: 503.248.6800

underpaid regular wages most weeks and was underpaid overtime wages during the weeks when he worked four twelve-hour shifts.

13. Throughout his employment with Defendant, Rabern regularly worked over 40 hours each workweek. Specifically, he worked overtime hours almost every workweek during 2023 and 2024. In 2025, he worked overtime hours during approximately half of the weeks he worked.

14. Until about January 1, 2025, Defendant deducted thirty minutes from employees' work time as an unpaid lunch break, while requiring some employees, including Plaintiff Rabern, to work through their shift without a thirty-minute lunch break.

15. Defendant knew or should have known that it was underpaying employes by rounding down reported time worked to calculate pay and deducting thirty minutes from employee work time for lunch breaks while requiring some employees to work through their lunch breaks. Because Defendant's time-keeping system records actual start and end times, Defendant has actual, constructive and/or imputed knowledge that hourly employees worked more time than they were actually paid for.

16. Due to Defendant's use of practices and policies that have combined over many years to routinely underpay employees on almost every paycheck, the amount of unpaid wages is not precisely known to Defendant's employees.

///



BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204
office: 503.227.4600 | fax: 503.248.6800

17. Plaintiffs were each affected by the policies and practices alleged in this action. Plaintiffs were each underpaid regular wages and overtime wages.

18. Prior to bringing this action, Plaintiffs' counsel gave notice to Defendant that Plaintiffs would assert wage claims.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Plaintiffs bring their First and Second Claims individually and on behalf of all other individuals similarly situated pursuant to 29 U.S.C. § 216(b).

20. During the times material to Plaintiffs' FLSA claims, Defendant employed non-exempt hourly paid employees in several states, including California, Georgia, Minnesota, Mississippi, Missouri, Montana, Oregon, and South Carolina.

21. The proposed Collective is defined as follows: all current and former non-exempt hourly-paid employees of Defendant at any time between the date of the filing of this complaint and three years before the date of the filing of this complaint ("Collective").

22. Plaintiffs, as members of the proposed Collective, have consented in writing to be part of this action pursuant to 29 U.S.C § 216(b) and their consent forms are attached as Exhibits 1 and 2.

23. As this case proceeds, it is expected that additional individuals will file consent forms and join as opt-in plaintiffs.

///



BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204
office: 503.227.4600 | fax: 503.248.6800

24. Plaintiffs estimate that the size of the proposed Collective exceeds 4,000 persons.

## CLASS ACTION ALLEGATIONS

25. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs seek to have this action maintained as a class action with a proposed class comprised of all current and former employees of Defendant who worked for Defendant in the State of Oregon at any time in the six years preceding the filing of this complaint (the "Class"). Plaintiffs further propose a subclass of employees whose employment ended at any time in the three years preceding the filing of this complaint ("Terminated Subclass").

26. There are approximately 4,000 persons in the Class. The individuals in the proposed Class are so numerous that joinder of all members is impracticable.

27. There are questions of law and fact common to the proposed Class including but not limited to:

a) Whether Defendant underpaid the Class members in violation of Oregon law by maintaining the practices and policies as alleged herein;

d) Whether Defendant's violation was willful under ORS 652.150;

e) Whether Defendant paid employees all wages they are owed under Oregon law;

f) Whether Defendant owes penalty wages to terminated employees.



BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204
office: 503.227.4600 | fax: 503.248.6800

28. Plaintiffs' claims are typical of those of the proposed Class.

29. Plaintiffs have retained counsel highly experienced in wage and hour class action litigation and will fairly and adequately represent and protect the interests of the Class.

30. The questions of law and fact common to the Class predominate over any questions solely affecting individual members of the proposed Class.

31. A class action is superior to all other available methods for the fair and efficient adjudication of these claims, particularly since many individual members of the proposed Class may as yet be unaware that they have not been fully compensated for their time worked.

FIRST CLAIM FOR REFLIEF: FAILURE TO PAY MINIMUM WAGE
(29 U.S.C. § 206; 29 C.F.R. §§ 785.7 & 785.48(b))

32. Plaintiffs reallege and incorporate paragraphs 1 through 31 above.

33. Defendant failed to pay Plaintiffs and the members of the proposed Collective for time worked as a result of Defendant's willfully established attendance and rounding policies to round employee hours-worked.

34. Defendant failed to pay Rabern and members of the proposed Collective for time worked as a result of Defendant's willful decision to require employees to work through unpaid lunch breaks.

35. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to an award of their earned but unpaid minimum wages, liquidated damages, pre- and post-judgment


BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204
office: 503.227.4600 | fax: 503.248.6800

interest, and costs and reasonable attorney fees.

SECOND CLAIM FOR RELIEF: FAILURE TO PAY OVERTIME
(29 U.S.C. § 207; 29 C.F.R. §§ 785.7 & 785.48(b))

36. Plaintiffs reallege and incorporate paragraphs 1 through 31 above.

37. Defendant's failure to pay Plaintiffs and the members of the proposed Collective for earned overtime wages results from Defendant's willfully established policy to round employee hours-worked.

38. As a result of the above-described policy, Defendant systematically underpaid overtime wages due to proposed Collective members.

39. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to an award of their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and costs and reasonable attorney fees.

THIRD CLAIM FOR RELIEF: FAILURE TO PAY REGULAR WAGES OWED
(On behalf of Plaintiffs and all Class Members in violation of ORS 652.120)

40. Plaintiffs reallege and incorporate paragraphs 1 through 31 above.

41. Defendant owes a duty to Plaintiffs and members of the Class to pay all earned wages at each regular payday.

42. As a direct and proximate result of Defendant's practices and policies described above, Defendant failed to pay Plaintiffs and members of the Class all earned wages at each regular payday.

///



BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204
office: 503.227.4600 | fax: 503.248.6800

43. As of the filing of this action, Defendant owes unpaid wages to Plaintiffs and members of the Class.

44. Pursuant to ORS 652.120 and ORS 82.010, Plaintiffs and members of the Class are entitled to recover all unpaid wages with interest, at the rate of 9% per annum, accruing from the date the wages were due.

45. Pursuant to ORS 652.200(2), Plaintiffs and members of the Class are entitled to recover reasonable attorney fees incurred in filing this action and litigating the claims and issues alleged herein.

FOURTH CLAIM FOR RELIEF: FAILURE TO PAY OVERTIME WAGES
(On behalf of Plaintiffs and all Class Members
in violation of ORS 653.261, OAR 839-020-0030)

46. Plaintiffs reallege and incorporate paragraphs 1 through 31 above.

47. As a result of Defendant's policies and practices described above, Defendant failed to pay overtime wages owed to Plaintiffs and the Class members.

48. Pursuant to ORS 653.055(1) and ORS 82.010, Plaintiffs and members of the Class are entitled to an award of all unpaid overtime compensation, with interest at the rate of 9% per annum, accruing from the date the wages were due.

49. Pursuant to ORS 653.055(4), Plaintiffs and members of the Class are entitled to recover reasonable attorney fees incurred in filing this action and litigating the claims and issues alleged herein.

///



BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204
office: 503.227.4600 | fax: 503.248.6800

<u>FIFTH CLAIM FOR RELIEF: FAILURE TO PAY WAGES AT TERMINATION</u>
(On behalf of Rabern and Terminated Subclass in violation of ORS 652.140)

50. Plaintiffs reallege and incorporate paragraphs 1 through 31 above.

51. As a result of Defendant's policies and practices described above, Defendant did not timely pay Plaintiff Rabern and members of the Terminated Subclass all wages due and owing to them at the termination of their employment.

52. As of the date of the filing of this complaint, Rabern still has not been paid all wages earned during his employment with Defendant.

53. Pursuant to ORS 652.140 and ORS 82.010, Rabern and members of the Terminated Subclass are entitled to an award of all unpaid wages and overtime compensation, with interest at the rate of 9% per annum, accruing from the date the wages were due.

54. Pursuant to ORS 652.150, Rabern and members of the Terminated Subclass are entitled to recover late payment penalty wages equivalent to wages equal to their rate of pay for 30 days of work at 8 hours per day.

55. Pursuant to ORS 652.200(2), Rabern and members of the Terminated Subclass are entitled to recover reasonable attorney fees incurred in filing this action and litigating the claims and issues alleged herein.

<u>SIXTH CLAIM FOR RELIEF: EQUITABLE ACOUNTING OF WAGES</u>
(On behalf of Plaintiffs and all Class Members)

56. Plaintiffs reallege and incorporate paragraphs 1 through 31 above.



BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204
office: 503.227.4600 | fax: 503.248.6800

57. Defendant owes a duty to Plaintiffs and members of the Class to accurately record work times and to maintain a complete and accurate record that wages have been paid in full as compensation for all work times.

58. Defendant has failed to provide to Plaintiffs and members of the Class an accurate account of their wages earned due to a combination of the above-described policies and practices. Because that failure has been compounded over several years, thousands of employees, and millions of shifts, the correct accounting of wages owed is extraordinarily complicated.

59. Plaintiffs and members of the Class are entitled to an accounting showing in detail their times worked, the wages paid by Defendant to-date, and the amount of unpaid wages owed.

## DEMAND FOR JURY TRIAL

60. Plaintiffs request a jury trial on all triable claims and issues alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. On Plaintiffs' FIRST CLAIM FOR RELIEF for violation of 29 U.S.C. § 206:
   a. Pursuant to 29 U.S.C. § 216(b), certification of a collective action as defined above;
   b. A finding that Defendant's actions violated 29 U.S.C. § 206;
   c. Pursuant to 29 U.S.C. § 216(b), an award of unpaid wages earned; plus



BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204
office: 503.227.4600 | fax: 503.248.6800

liquidated damages in an equal amount, or, in the alternative, prejudgment interest at the highest rate allowable under law;

d. Pursuant to 29 U.S.C. § 216(b), an award of attorney fees and costs; and

e. Pursuant to 28 U.S.C § 1961(a), interest at the highest rate allowable under law on all amounts from the date of entry of judgment.

2. On Plaintiffs' SECOND CLAIM FOR RELIEF for violation of 29 U.S.C. § 207:

a. Pursuant to 29 U.S.C. § 216(b), certification of a collective action as defined above;

b. A finding that Defendant's actions violated 29 U.S.C. § 207;

c. Pursuant to 29 U.S.C. § 216(b), an award of unpaid overtime compensation earned; plus liquidated damages in an equal amount or, in the alternative, prejudgment interest at the highest rate allowable under law;

d. Pursuant to 29 U.S.C. § 216(b), an award of attorney fees and costs; and

e. Pursuant to 28 U.S.C § 1961(a), interest at the highest rate allowable under law on all amounts from the date of entry of judgment.

3. On Plaintiffs' THIRD CLAIM FOR RELIEF for violation of ORS 652.120:

a. Pursuant to FRCP 23, certification of a Class and Subclass as defined above with Plaintiffs as class representatives and Plaintiffs' counsel as class counsel;



BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204
office: 503.227.4600 | fax: 503.248.6800

b. A finding that Defendant's actions violated ORS 652.120;

c. Pursuant to ORS 652.200(2), an award of all earned and unpaid wages;

d. Pursuant to ORS 82.010, interest of 9% per annum on all amounts from the date they became due; and

e. Pursuant to ORS 652.200(2), an award of attorney fees and costs.

4. On Plaintiffs' FOURTH CLAIM FOR RELIEF for violation of ORS 653.261:

a. Pursuant to FRCP 23, certification of a Class and Subclass as defined above with Plaintiffs as class representatives and Plaintiffs' counsel as class counsel;

b. A finding that Defendant's actions violated ORS 653.261;

c. Pursuant to ORS 653.055(1), an award of all earned and unpaid overtime wages;

d. Pursuant to ORS 82.010, interest of 9% per annum on all amounts from the date they became due; and

e. Pursuant to ORS 653.055(4), an award of attorney fees and costs.

5. On Plaintiffs' FIFTH CLAIM FOR RELIEF for violation of ORS 652.140:

a. Pursuant to FRCP 23, certification of a Class and Subclass as defined above with Plaintiffs as class representatives and Plaintiffs' counsel as class counsel;

b. A finding that Defendant's actions violated ORS 652.140;



BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204
office: 503.227.4600 | fax: 503.248.6800

   c. Pursuant to ORS 652.140, an award of all unpaid wages;
   d. Pursuant to ORS 652.150, an award of penalty wages equivalent to wages for 30 days of work at 8 hours per day;
   e. Pursuant to ORS 82.010, interest of 9% per annum on all amounts from the date they became due; and
   f. Pursuant to ORS 652.200(2), an award of attorney fees and costs.

6. On Plaintiffs' SIXTH CLAIM FOR RELIEF for an accounting of wages:
   a. A finding that Defendant has failed to fully and accurately account for unpaid wages earned by members of the Class; and
   b. An order requiring Defendant to account for all unpaid wages earned by members of the Class between the date of the filing of this suit to six years prior.
7. And such further relief in favor of Plaintiffs as this Court deems appropriate.

DATED: May 20, 2026

BENNETT HARTMAN, LLP

s/ Kate D. Flanagan

Kate D. Flanagan, OSB No. 213716
Email: kate@bennetthartman.com
Telephone: 503.546.9606
Hyesun Choi, OSB No. 262145
Email: hyesun@bennetthartman.com
Telephone: 503.546.9622
Of Attorneys for Plaintiffs



BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, Oregon 97204
office: 503.227.4600 | fax: 503.248.6800